# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS THEODORE COLYER, | : | Civil No. 1:20-CV-02130 |
| Petitioner, | : | |
| v. | : | |
| JOHN WETZEL, *et al.,* | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court is Petitioner Nicholas Theodore Colyer's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on November 11, 2020. For the reasons that follow, Colyer's petition will be summarily dismissed without prejudice.

### BACKGROUND

Petitioner Nicholas Theodore Colyer ("Petitioner"), a self-represented individual presently confined at the Benner Township State Correctional Institution ("SCI–Benner"), in Bellefonte, Pennsylvania, and has paid the filing fee in this matter. On November 11, 2020, Petitioner filed the instant § 2254 petition. (Doc. 1.)

Petitioner was arrested on November 24, 2019 by the Mifflin County Regional Police Department and charged with robbery, conspiracy to commit

robbery, theft, and simple assault.[1] On January 28, 2020, Petitioner pled guilty to conspiracy to commit robbery in the Mifflin County Court of Common Pleas, and the remaining charges were *nolle prossed*. The same day, the trial court imposed a sentence of 60 to 120 months' imprisonment. *Id.*; *see also Commonwealth v. Colyer*, CP–44–CR–0000605–2019 (Mifflin Cnty. C.C.P.).[2] Jeffrey Davis represented Petitioner during the proceedings. (*Id.*)

Prior to his arrest on the above-noted robbery charges, Petitioner was housed at the Mifflin County Correctional Facility for unrelated charges. He claims prison staff assaulted him on June 21, 2019. He asserts that he sustained a traumatic brain injury and continues to suffer from "cognitive and functional disabilities" following the assault. (Doc. 1, 8–10.) At the time of his robbery arrest and conviction, Petitioner had a pending civil action against Mifflin County officials pertaining to the alleged assault. (*Id.*, 9.)

The court construes his brief petition as raising the following claims challenging his current conviction and sentence:

---

[1] The court takes judicial notice of the magisterial district justice docket sheet in *Commonwealth v. Colyer*, MJ–58302–CR–0000211–2019, available through Pennsylvania's Unified Judicial Docket System at https://ujsportal.pacourts.us/ (last visited Jan. 5, 2021).

[2] The court takes judicial notice of the Pennsylvania state court docket sheet in Petitioner's criminal matter, which is available through Pennsylvania's Unified Judicial Docket System docket research at http://ujsportal.pacourts.us/ (last visited Jan. 5, 2021).

>Ground One:  Defense counsel was ineffective for not raising defendant's medical impairment during proceedings;
>
>Ground Two:  Defense counsel was ineffective for failing to seek a change of venue due to Petitioner's pending lawsuit against Mifflin County officials;
>
>Ground Three: The trial court used an improper offense gravity score when determining Petitioner's sentence.

(*Id.*, 8–11.)  As to all grounds for relief, Petitioner acknowledges that he has not raised them in any state court proceeding.  Petitioner has filed neither a direct appeal nor collateral challenge of his conviction under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. ANN. § 9541 *et seq.*, because "he was not made aware of any legal process" to do so.  (Doc. 1, 7–14.)

## STANDARD OF REVIEW

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.  The court is required to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  28 U.S.C. § 2254, Rule 4.  This court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and may do so *sua sponte*.  See *Sweger v. Chesney*, 294 F.3d 506, 520–21 (3d Cir. 2002).

In addition to the petition and attached exhibits, a federal habeas court may take judicial notice of state court records, as well as its own records.  *See Minney v.*

*Winstead*, No. 2:12-CV-1732, 2013 WL 3279793, at *2 (W.D. Pa. Jun. 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Thus, when reviewing the instant petition, the court has taken judicial notice of Petitioner's criminal proceedings in the Pennsylvania state courts.

### DISCUSSION

A federal court may not grant a writ of habeas corpus on a claim brought by an individual in custody pursuant to a state court judgment unless: (1) "the applicant has exhausted the remedies available in the courts of the State;" (2) "there is an absence of available State corrective process;" or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); *see also Wilkerson v. Sup't Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017). Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, when a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts will typically refuse to entertain a petition for writ of habeas corpus. *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002). It is the petitioner who bears the burden of establishing the exhaustion requirement has been satisfied. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

"[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To satisfy the exhaustion requirement, a petitioner must invoke "one complete round" of the applicable state's appellate review process, thereby giving the courts of that state "one full opportunity" to resolve any issues relevant to such claims. *Id*. at 845 (holding that a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion is considered satisfied). In Pennsylvania, the exhaustion requirement is satisfied if a federal claim is "fairly presented" to the Superior Court of Pennsylvania, either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases*, Order No. 218, 30 Pa. Bull. 2582 (Pa. May 9, 2000); Pa. R. App. P. 1114 historical notes (Order of May 9, 2000). To "fairly present" a claim, the petitioner must present his or her "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

As is apparent from the § 2254 petition and the docket for the Mifflin County Court of Common Pleas, Petitioner's judgment of sentence is now final, and he has yet to file a PCRA petition raising the grounds for relief set forth in his petition. Moreover, because Petitioner still may file a timely PCRA petition raising these claims, the one–year statute of limitations will not bar a subsequent federal habeas petition. Even on the strictest calculation of the limitations period, Petitioner can return to federal court after exhaustion his available state court remedies.[3] Accordingly, the court will dismiss the petition without prejudice to Petitioner's right to refile the petition promptly at the conclusion of his state court proceedings should he elect to do so. *See Lines v. Larkins*, 208 F.3d 153, 159–60 (3d Cir. 2000) (affirming district court's dismissal without prejudice of application for habeas relief of completely unexhausted claim to give petitioner opportunity to present claims to state court).

---

[3] As Petitioner did not appeal his judgment of sentence to the Superior Court of Pennsylvania, his sentence became final on February 27, 2020, thirty (30) days after he could have filed an appeal to the Superior Court. *See Nara v. Frank,* 264 F.3d 310, 314–15 (3d Cir. 2001); *see also* 42 PA. CONS. STAT. ANN. § 9545(b)(3). Petitioner, therefore, has one year from February 27, 2020 to file a PCRA petition raising the claims he now seeks to raise in his § 2254 petition. *See* 42 PA. CONS. STAT. ANN. § 9545(b)(1). Moreover, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under" 28 U.S.C. § 2244(d)(1).

**DENIAL OF CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c), a convicted state inmate may not appeal a final order in habeas proceedings unless the judge or a circuit justice issues a certificate of appealability ("COA"). A court should only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at bar, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

## CONCLUSION

Based on the foregoing, the court will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 without prejudice to Petitioner's right to file a PCRA petition in state court and return to this court once he has exhausted his state court remedies. The court will not issue a COA. An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: January 7, 2021